COVINGTON, Judge.
This is an appeal from a judgment dismissing plaintiff’s suit on the grounds of prescription. Plaintiff, Eric Street, brought suit for damages against Dr. Charles F. Mitchell, a Medical Corporation, Dr. Robert G. Peden, a Medical Corporation, and Our Lady of the Lake Hospital, Inc., alleging that he developed type C hepatitis as a result of a blood transfusion. In the original petition plaintiff made the following allegations:
5.
“Petitioner went to Dr. John T. Howe, on November 21, 1979, for treatment of his illness. Petitioner was complaining of weight loss, nausea, vomiting, malaise, darker urine and lighter stools. Dr. John T. Howes, diagnosed petitioner’s condition as having developed type C Hepatitis.
6.
Petitioner alleges that he developed type C Hepatitis, as a result of the blood transfusion he received at Our Lady of the Lake Medical Center, which was administered by defendants, because the blood was defective.”
This suit was filed on May 6, 1982. To this petition the defendants filed exceptions of prescription. After a hearing on the exceptions, the trial judge maintained the exceptions and gave the plaintiff until March 11, 1983 to amend his petition. On February 18, 1983, plaintiff filed a supplemental and amending petition in which he added the following paragraph:
*1047 “Petitioner lost weight, became nauseated, began vomiting, began passing dark urine and lighter stools. Petitioner alleges that his illness resulted from the joint and/or individual acts of omission and/or negligence of defendants. Petitioner has not yet determined the cause of his illness.”
Thereafter, the defendants filed a second set of exceptions of prescription on the grounds the supplemental and amending petition did not cure the prescription defect. On March 11, 1983, plaintiff filed a second supplemental and amending petition in which he deletes paragraphs 5 and 6 and rewords paragraph 7 of the original petition. On April 14, 1983, after hearing on the exceptions, the trial judge rendered a second judgment dismissing the suit with prejudice. From this judgment, plaintiff has appealed.
Since this is a medical malpractice suit the prescription period is governed by LSA-R.S. 9:5628 which reads as follows:
Section 5628. Actions for medical malpractice
A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
b. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
Plaintiff alleged that he was given a blood transfusion in October 1979 and was diagnosed as having type C hepatitis on November 21, 1979. He filed this suit May 6, 1982. In response to the judge’s order giving him time to amend his petition, he attempted to cure the exception of prescription by deleting these allegations. The trial judge then held that the allegations in the original petition constituted a judicial admission which was not expunged by the second supplemental and amending petition. He based his opinion on LSA-C.C. art. 2291 which anticipates this situation and provides as follows:
Art. 2291. Judicial confession
The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.
It amounts to full proof against him who has made it.
It can not be divided against him.
It can not be revoked, unless it be proved to have been made through an error in fact.
It can not be revoked on a pretense of an error in law.
The record reveals no allegations of error of fact to justify revoking this judicial admission. Neither does the plaintiff allege any facts which, if true, would indicate an interruption or suspension of prescription. In these additional pleadings the plaintiff merely alleges that he knows not the origin of his disease. This allegation does not negate the previous allegation that his hepatitis was diagnosed on November 21, 1979. Thus he had one year from that date in which to file suit. Therefore, the trial judge correctly considered the allegations of the original petition in holding that this suit had prescribed according to the allegations of the plaintiffs pleadings.
For the foregoing reasons, the judgment of the district court is affirmed at appellant’s costs.
AFFIRMED.